UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ISABELLE BOULANGER, | § | |
| INDIVIDUALLY AND AS | § | |
| REPRESENTATIVE OF FREDERIC | § | |
| BOUTIN, DECEASED, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:15-CV-3032-B |
| | § | |
| DEVLAR ENERGY MARKETING, | § | |
| LLC, et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiffs' Motion to Remand (Doc. 12). For the following reasons, the Court **DENIES** the motion.

## I.

## BACKGROUND

The Court must determine whether it has removal jurisdiction under the Class Action Fairness Act of 2005 (CAFA or the Act). Pub. L. No. 109-2, 119 Stat. 4 (codified in relevant part in 28 U.S.C. § 1332). CAFA grants removal jurisdiction for actions that meet its definition of "class action" or "mass action" and satisfy certain numerosity, diversity, and amount-in-controversy requirements. *Aburto v. Midland Credit Mgmt., Inc.*, No. 3:08-CV-1473-K, 2009 WL 2252518, at *1 (N.D. Tex. July 27, 2009) (citing In *re Katrina Canal Litigation Breaches*, 524 F.3d 700, 711 n.47 (5th Cir. 2008)). Courts determine these jurisdictional facts at the time of removal. *Louisiana v. Am. Nat. Prop. Cas. Co.*, 746 F.3d 633, 635 (5th Cir. 2014).

A.     *Class Action Issue*

By definition, a class action must be filed under Federal Rule of Civil Procedure 23 or its state law counterpart. Plaintiffs filed their action under the latter, Texas rule 42, but filed a notice of non-suit[1] withdrawing their class allegations before removal. In Texas, plaintiffs have the unqualified and absolute right to non-suit allegations by filing a notice of non-suit, which is effective when filed. The issue here is whether Plaintiffs' non-suit changed the action from a class to a non-class action, defeating CAFA jurisdiction. The Court holds that it did.

B.     *Mass Action Issue*

By definition, a mass action must propose a joint trial because of common questions of law or fact. Plaintiffs filed a single petition asserting claims all arising from the same set of events, but the petition did not explicitly propose a joint trial. Courts have generally held that plaintiffs implicitly propose a joint trial when they file a single petition. At issue is whether Plaintiffs' petition proposed a joint trial, creating CAFA jurisdiction. The Court holds that it did.

C.     *Factual Background*

Plaintiffs allege that on July 6, 2013, seventy-two (72) unattended tanker cars filled with highly volatile crude oil rolled downhill, derailed, and exploded in the town of Lac-Mégantic, Quebec, Canada. Doc. 1-1, Ex. C-2 ¶ 1. The resulting fire engulfed the town leaving forty-eight (48) dead, many others injured, and numerous businesses damaged. *Id.*

Plaintiffs' Original Class Action Petition listed 111 actual plaintiffs (all Canadian citizens), and fifty-nine (59) defendants (many state citizens, e.g., Colorado and Texas). Doc. 1-1, Ex. C-2 ¶¶

---

[1] Non-suit: "A plaintiff's voluntary dismissal of a case or of a defendant, without a decision on the merits," equivalent to a voluntary dismissal under the Federal Rules. Black's Law Dictionary (10th ed. 2014).

4–32, 33–37. The petition did not demand a specific sum, but did allege general negligence and gross negligence claims tied to at least seventeen (17) property and business economic loss claims and at least eleven (11) wrongful death claims. *See* Doc. 12, Mot. to Remand 4. These claims each arise directly from the explosion and its fire. Plaintiffs did not explicitly request a joint trial on the claims, but did ask for separate damage determinations. Doc. 1-1, Ex. C-2 ¶ 260.

D.      *Procedural Background*

Plaintiffs filed their Original Class Action Petition under Texas Rule of Civil Procedure 42 on June 4, 2015, in state court in Dallas County, Texas. Doc. 1-1, Ex. C-2. One month later, they moved to stay the case, and the state court stayed it in its entirety. Doc. 1-1, Exs. C-7 & C-87. Despite the stay, Plaintiffs filed a notice of non-suit, withdrawing their class allegations, Doc. 1-1, Ex. C-101 (September 9, 2015), which the state court granted. Doc. 1-1, Ex. C-103 (September 10, 2015). Following the non-suit order, Plaintiffs took no further action; specifically, they did not file or serve an amended petition reflecting the non-suit of their class allegations. Doc. 1, Notice of Removal ¶ 5. On September 17, 2015, Defendant Canadian Pacific Railway Company (CP) removed to federal court. Doc. 1. Defendant CP's Notice of Removal alleged all jurisdictional requirements for proper removal as a class action or alternatively as a mass action under CAFA. *Id.* ¶¶ 15–43. Plaintiffs seek to remand. Doc. 12. Defendant CP responded, Doc. 34, but Plaintiffs did not reply.

## II.

## LEGAL STANDARD

A.      *General Removal Standard*

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life*

*Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). The removal statute authorizes defendants to remove any civil action from state court to federal district court if the district court would have original jurisdiction (e.g., through federal question or diversity jurisdiction). 28 U.S.C. § 1441. Generally, this raises "significant federalism concerns" because removal effectively "deprive[s] the state court of an action properly before it." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007) (quoting *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365 (5th Cir. 1995)). As a result, courts strictly construe the removal statute. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

B.     *Effect on the General Removal Standard and Burden of Proof*

CAFA dispels this anti-removal presumption. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014) [hereinafter *Dart*]. In fact, the Senate Report on CAFA stated that the Act "should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant. S. Rep. No. 109-14, at 43, *reprinted in* 2005 U.S.C.C.A.N. 3, 41. Still, this preference does not shift the burden of establishing federal jurisdiction to the non-removing parties. *See Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 797–98, 802–03 (5th Cir. 2007); *Greco*, 992 F. Supp. 2d at 695 (citations omitted); *see also* 1 William B. Rubenstein, Newberg on Class Actions § 6:16 (5th ed. 2015) [hereinafter Newberg]. Nor does it alter any underlying burdens of proof. *See, e.g., Berniard v. Dow Chem. Co.*, 481 F. App'x 859, 862 (5th Cir. 2010) (applying ordinary removal burdens of proof to CAFA case); *see also* Newberg § 6:16. "A defendant's notice of removal need include only a plausible allegation" of the jurisdictional facts necessary to form the grounds for removal. *Dart*, 135 S. Ct. at 554. If a plaintiff contests, or the court questions, an allegation, then the defendant must prove it by a preponderance

of the evidence. *Id.*

C.      *Class Action and Mass Action Definitions*

CAFA grants district courts broad jurisdiction over two types of cases—"class actions" and "mass actions." *See* 28 U.S.C. § 1332(d).[2] The Act defines "class action" to mean "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure." § 1332(d)(1)(B). And it defines "mass action" to mean "any civil action . . . in which monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact." § 1332(d)(11)(B)(i).

Under CAFA, district courts receive jurisdiction only if an action meets one of these definitions and satisfies additional numerosity, diversity, and amount-in-controversy requirements.

D.      *Numerosity*

Class actions and mass actions must each satisfy a numerosity requirement. The Act does not apply to class actions in which "the number of members of all proposed plaintiff classes in the aggregate is less than 100." § 1332(d)(5)(B). And the mass action definition requires "monetary relief claims of 100 or more persons." These 100 or more persons must be actual named parties, not unnamed real parties in interest. *AU Optronics Corp.*, 134 S. Ct. at 744.

E.      *Diversity and Amount in Controversy*

Class actions and mass actions must also satisfy certain diversity and amount-in-controversy requirements. *See Mississippi ex rel. Hood v. AU Optronics Corp.*, 134 S. Ct. 736, 740 (2014). Generally, diversity-based removal requires compete diversity and for each individual plaintiff's

---

[2] Technically, courts have original jurisdiction over class actions and "a mass action shall be deemed to be a class action" for removal purposes. 28 U.S.C. § 1332(d)(11)(A).

aggregated claims to exceed $75,000. 28 U.S.C. § 1332(a). CAFA has relaxed these requirements for class actions and mass actions in two ways. First, the Act requires only minimal diversity, not complete diversity. *Id.* Minimal diversity exists where any member of a class of plaintiffs: (1) "is a citizen of a State different from any defendant;" (2) "is a foreign state or a citizen or subject of a foreign state and any defendant is a citizen of a State;" or (3) "is a citizen of a State and any defendant is a foreign state or a citizen or subject of a foreign state." § 1332 (d)(2)(A)–(C). Second, the Act does not require each plaintiff's claims to exceed $75,000; instead, CAFA grants jurisdiction for aggregated claims exceeding $5 million. *AU Optronics Corp.*, 134 S. Ct. at 740.

For mass actions, the Act adds an individual $75,000 amount-in-controversy requirement to the aggregated $5,000,000 requirement. Jurisdiction exists "only over those plaintiffs whose claims in a mass action" individually satisfy section 1332(a)'s $75,000 amount-in-controversy requirement. *Id.* (quoting 28 U.S.C. § 1332(d)(11)(B)(i)). The Fifth Circuit has held this means that at least one plaintiff's claims must exceed $75,000 at the time of removal. *Hood ex rel. Miss. v. JP Morgan Chase & Co.*, 737 F.3d 78, 86 (5th Cir. 2013). District courts have refused to extend this rule to require every plaintiff's claims to exceed $75,000. *Greco v. Jones*, 992 F. Supp. 2d 693, 697–98 (N.D. Tex. 2014); *see also Hamilton v. Burlington N. Santa Fe Ry. Co.*, No. A-08-CA-132-SS, 2008 WL 8148619, at *6–8 (W.D. Tex. Aug. 8, 2008). Instead, courts retain jurisdiction over the general mass action and discretion to subsequently remand any individual plaintiff's claims that do not exceed $75,000. *See Greco*, 992 F. Supp. 2d at 698. This interpretation aligns with the Act's legislative history. The Senate Report on CAFA states:

> Subsequent remands of individual claims not meeting the section 1332 jurisdictional amount requirement may take the action below the 100-plaintiff jurisdictional threshold or the $5 million aggregated jurisdictional amount requirement. However,

so long as the mass action met the various jurisdictional requirements *at the time of removal*, it is the Committee's view that those subsequent remands should not extinguish federal diversity jurisdictional over the action.

S. Rep. No. 109-14, at 47, *reprinted in* 2005 U.S.C.C.A.N. 3, 44 (emphasis added).[3]

## III.

## ANALYSIS

In order to determine whether it should retain jurisdiction, the Court must resolve whether Plaintiffs' action met CAFA's jurisdictional thresholds for either class actions or mass actions.

A.      *Class Action*

To qualify for removal as a class action under CAFA, a civil action must: (1) be filed under rule 23 of the Federal Rules of Civil Procedure or a similar state statute or rule of judicial procedure; (2) have a proposed class containing more than 100 members; (3) satisfy CAFA's minimal diversity requirement; and (4) have an aggregated amount in controversy exceeding $5,000,000. *See Aburto*, 2009 WL 2252518, at *1 (citing 28 U.S.C. § 1332(d)(2), (5)). Here, the parties dispute the first element. As resolution of this element is dispositive, the Court will not reach the remaining elements.

Plaintiffs filed their Original Class Action Petition under Texas Rule of Civil Procedure 42—the state analog to federal rule 23. Doc. 1-1, Ex. C-2 ¶ 167. But before removal, Plaintiffs non-suited their class allegations. They argue the non-suit successfully took their action outside of CAFA's class action definition, defeating removal jurisdiction. Doc. 12, Mot. to Remand 3. Defendant CP counters that the Court should disregard the non-suit as an attempt at forum manipulation that violated a court-ordered stay; that the non-suit was ineffective because Plaintiffs

---

[3] CAFA provides numerous exceptions for class actions and mass actions concerning local or state matters. *See* 28 U.S.C. § 1332(d)(3)–(5)(A). None of them are at issue here.

did not serve an amended petition, so the Court must consider the original petition as the operative pleading for removal purposes; and that even if the Court does not disregard the non-suit, and finds it effective, CAFA jurisdiction attaches at the time of filing, before any non-suit. Doc. 1, Notice of Removal ¶ 16; Doc. 33, Br. in Supp. of Resp. to Pls.' Mot. to Remand (Br. in Resp.) 6–7. The Court must determine if Plaintiffs successfully non-suited their class allegations, and if so whether CAFA jurisdiction attaches at the time of filing or time of removal.[4]

### 1.    Plaintiffs Successfully Non-suited Their Class Allegations

In Texas, any plaintiff has the right to take a non-suit at any time before he has introduced all of his evidence other than rebuttal evidence. Tex. R. Civ. P. 162. This right is unqualified and absolute so long as (1) the plaintiff does not use the non-suit to avoid any pending motions for sanctions, attorney's fees, or other costs, Tex. R. Civ. P. 162; *University of Tex. Med. Branch at Galveston v. Estate of Blackmon*, 195 S.W.3d 98, 100 (Tex. 2006), and (2) the defendant has not made a claim for affirmative relief, *Houston Mun. Employees Pension Sys. v. Ferrell*, 248 S.W.3d 151, 157 (Tex. 2007); *BHP Pet. Co. v. Millard*, 800 S.W.2d 838, 840 (Tex. 1990). A stay in the case, however, has no effect on this right. *In re Tecore, Inc.*, 371 S.W.3d 603, 604–05 (Tex. App.—Dallas 2012, no pet.); *see also* 7 William V. Dorsaneo, Texas Litigation Guide § 103.01[1][a] (2015) [hereinafter Dorsaneo].

Texas rule 162 does not specify the procedure for non-suiting an allegation, but a prior

---

[4] State law controls the effect of the non-suit. State procedural rules govern before removal. *See* Fed. R. Civ. P. 81(c)(1) ("These rules apply to a civil action after it is removed from a state court."). Defendant CP cites to *Unida v. Levi Strauss & Co.*, 986 F.2d 970 (5th Cir. 1998) for the rule that courts do not need to dismiss claims if dismissal would circumvent proper removal jurisdiction. It would have the Court apply this rule to retain jurisdiction despite the non-suit of the state court class allegations. *Unida* addressed the refusal to allow plaintiffs to dismiss claims under federal law, not state law. *Id.* at 974. Thus, it is inapposite.

version of the rule indicated that a "plaintiff may dismiss a case upon filing a notice of dismissal [or non-suit]." Tex. R. Civ. P. 162 (Vernon 1979). The current version, while no longer containing the language clearly endorsing filing a notice of non-suit, appears to assume that the practice continues. It states that "[n]otice of the dismissal or non-suit shall be served in accordance with Rule 21a . . . without necessity of court order." Tex. R. Civ. P. 162. From this, the Court concludes a plaintiff may exercise the right to take a non-suit by filing a notice of non-suit.

After filing a notice of non-suit, the plaintiff does not need to take further action for the notice to take effect. *See Epps v. Fowler*, 351 S.W.3d 862, 868 (Tex. 2011). Filing the notice immediately terminates the plaintiff's claims. *Id.* Because termination occurs immediately, further action is unnecessary. Thus, it is unnecessary for a plaintiff to file an amended petition omitting the non-suited claims. *See* Dorsaneo § 103.01[2].[5]

Here, Plaintiffs exercised their unqualified and absolute right to non-suit their class allegations by filing a notice of non-suit. They did not file the notice to avoid pending motions for sanctions, attorney's fees, or other costs, and Defendants made no claims for affirmative relief. Filing the notice immediately terminated Plaintiffs' class allegations.[6] The court-ordered stay did not invalidate the notice. Neither did the fact that Plaintiffs did not amend their original petition. Therefore, Plaintiffs successfully non-suited their class allegations.

---

[5] Under rule 162, a notice of non-suit "shall be served in accordance with rule 21a on any party who has answered or has been served with process." Tex. R. Civ. P. 162. While the non-suiting plaintiff should notify other parties, failure to notify does not impede the non-suit's effect. *Orion Investments, Inc. v. Dunaway & Associates, Inc.*, 760 S.W.2d 371, 374 (Tex. App—Fort Worth 1988, writ denied).

[6] The state trial court formalized the non-suit with an order non-suiting the class allegations. The trial court's issuance of a written order of dismissal serves as a ministerial formality. *Trigg ex rel. Trigg v. Moore*, 335 S.W.3d 243, 245 n.1 (Tex. App.—Amarillo 2010, pet. denied) (citing *University of Tex. Med. Branch at Galveston*, 195 S.W.3d at 100). It does not give effect to the notice of non-suit. *Id.* Filing the notice does.

2.    CAFA Jurisdiction Attaches at the Time of Removal

Next, the Court must determine when CAFA jurisdiction attaches. Defendant CP did not remove until after Plaintiffs successfully non-suited the class allegations. Defendant CP's argues that CAFA jurisdiction attaches at the time of filing, so jurisdiction attached before the non-suit. If this is the case, even though Plaintiffs successfully non-suited their class allegations, the Court would still consider the Original Class Action Petition filed under Texas rule 42. Plaintiffs respond that jurisdiction attaches at the time of removal because whether the action was "filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure" is a jurisdictional fact determined at the time of removal. If this is the case, the Court would consider the petition stripped of its class allegations.[7]

Defendant CP argues the court should follow the time-of-filing rule. To articulate the rule, it quoted the Seventh Circuit: "CAFA jurisdiction attaches when a case is *filed* as a class action." Doc. 33, Br. in Resp. 9 (emphasis in original) (quoting *In re Burlington N. Santa Fe Ry. Co.*, 606 F.3d 379, 381 (7th Cir. 2010)).

Generally, the Fifth Circuit follows this rule. But for removal cases, the Fifth Circuit follows the time-of-removal rule: "To determine whether jurisdiction is present for removal, we consider the claims in the state court petition as they existed at the time of removal." *Manguno*, 276 F.3d at 723 (citing *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995)). This rule extends to CAFA cases. *Louisiana v. American Nat. Property Cas. Co.*, 746 F.3d 633, 636 (2014)

---

[7] Of course, CAFA could dictate when the court must determine a jurisdictional fact. For example, section 1332(d)(7) states that "[c]itizenship of the members of the proposed plaintiff classes shall be determined . . . as of the date of filing of the complaint or amended complaint." 28 U.S.C. § 1332(d)(7). But here the Act is silent.

(applying the "[l]ong-established general rule . . . that jurisdictional facts are determined at the time of removal" in a CAFA case); *see also Cedar Lodge Plantation, L.L.C. v. CSHV Fairway View I, L.L.C.*, 768 F.3d 425, 427 (5th Cir. 2014) (same).

This is a removal case, so the time-of-removal rule applies. The non-suit occurred before removal occurred. Thus, the Court concludes that at the time of removal the action did not constitute a class action because there were no class allegations. Thus, the action cannot proceed under CAFA's class action provision. Therefore, the Court must determine whether this action met the Act's mass action jurisdictional thresholds.

B.   *Mass Action*

To qualify for removal as a mass action under CAFA, a civil action must: (1) consist of "monetary relief claims of 100 or more persons [that] are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact;" (2) satisfy CAFA's minimal diversity requirement; (3) have an aggregated amount in controversy exceeding $5,000,000; and (4) have at least one plaintiff's claims exceeding $75,000. 28 U.S.C. § 1332(d)(11)(A)–(B)(i); *see also Greco*, 992 F. Supp. 2d at 695. Plaintiffs dispute only the first element. Doc. 12, Mot. to Remand 3–5. Defendant CP, however, bears the burden of showing that removal was proper, which requires it make at least a plausible allegation of the jurisdictional facts necessary to form the grounds for removal. *Dart*, 135 S. Ct. at 554. Thus, the Court will examine each element.

1.   Plaintiffs' Action Constituted a Mass Action

CAFA defines a mass action as any civil action in which "monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact." 28 U.S.C. § 1332(d)(11)(B)(i). This definition effectively contains

three requirements: monetary relief, numerosity, and commonality. First, the claims must be for monetary, not equitable or declaratory, relief. Second, these must be the claims of 100 or more persons. The 100-plus persons must be actual named parties, not unnamed real parties in interest. *AU Optronics Corp.*, 134 S. Ct. at 744. Third, Plaintiffs must propose, either implicitly or explicitly, that these claims be tried jointly because they involve common questions of law or fact. It is clear that the claims here are for monetary relief. The parties dispute numerosity and commonality.

>   *i.      Plaintiffs' petition named 111 actual named parties*

Plaintiffs contend that "Defendant is wrong that there are 100 or more claims/persons all involving common issues of fact and law." Doc. 12, Mot. to Remand 4. First, Plaintiffs argue there are not 100 claims involving common issues of fact or law. True or not, this is irrelevant. The statute considers the number of persons, not the number of claims. Then they assert that only seventeen (17) claims share a common question of law or fact and only fifty-one (51) plaintiffs have an interest in those claims. This conflates numerosity with commonality. All that section 1132(d)(11)(B)(i) requires is 100 actual named parties asserting monetary claims. *AU Optronics Corp.*, 134 S. Ct. at 744. As Defendant CP correctly points out, Plaintiffs' Original Class Action Petition names 111 actual parties seeking recovery. Doc. 1-1, Ex. C-2 at 35–39, ¶¶ 3–32. This is enough.

>   *ii.     Plaintiffs' petition proposed a joint trial of claims with common questions of fact*

Plaintiffs argue that the wrongful death claims should be tried separately because: (1) they fall outside the now-non-suited class definition; (2) they do not share common questions of law or fact; and (3) "nowhere in the original petition does Plaintiff request all wrongful death and personal injury claims and property and business economic loss claims be tried jointly." Doc. 12, Mot. to Remand 4. Defendant CP respond by arguing that Plaintiffs' liability allegations all derive from the

same underlying fact issues, including each defendant's conduct and fault. Indeed, all injuries and claims flow from the same the same train car derailment and explosion. This is enough to show a common question of fact. Less clear is whether Plaintiffs proposed a joint trial for their claims.

The Fifth Circuit has not addressed what constitutes a proposal for a joint trial. *See Aburto,* 2009 WL 2252518, at *3. And as far as the Court can tell, only one district court in the Fifth Circuit has. *Id.* at *2–3. In *Aburto*, the district court looked to a Seventh Circuit case for guidance (*Bullard*). *Id.* at *3 (citing *Bullard v. Burlington Northern Santa Fe Railway Co.*, 535 F.3d 759 (7th Cir. 2008)).After doing so, it found that a single complaint setting forth all of the plaintiffs' claims and the circumstances common to all of them implicitly proposed a joint trial. *Id.* ("[T]he record does not evidence Plaintiffs' intentions, prior to removal, for multiple trials to occur. In fact, Plaintiffs demand in their Third Petition 'a jury trial.'"). This aligns with the Seventh Circuit rule derived from *Bullard* that "one complaint implicitly proposes one trial." *In re Abbott Labs., Inc.*, 698 F.3d 568, 572 (7th Cir. 2012) (citing *Bullard*, 535 F.3d at 762). The *Aburto* court also found it did not matter whether a joint trial actually occurred; it mattered whether there was a proposal for joint trial at the time of removal. *Aburto,* 2009 WL 2252518, at *3 (citing *Bullard*, 535 F.3d at 761). Finally, both the *Aburto* and *Bullard* courts addressed contentions made by plaintiffs that they had intended to have separate trials. Both found this type of contention to be "nothing more than a unilateral statement of [plaintiffs'] position." *Id.* (citing *Bullard*, 535 F.3d at 761). From this, the Court concludes that (1) a complaint does not need to explicitly propose a joint trial, it may do so implicitly, and (2) contentions by plaintiffs that they intended a joint trial, without evidence from the record, does not hinder an implicit proposal. *See id.*

Plaintiffs did not explicitly propose a joint trial. But Plaintiffs' Original Class Action Petition,

-13-

even with its non-suited class allegations, set forth all of Plaintiffs' claims and the circumstances common to all of them in a single complaint. *See* Doc. 1-1, Ex. C-2. That single complaint also requested separate consideration of each claim's damage elements. *Id.* ¶ 260. Requesting a separate damages consideration assumes a joint liability consideration. Together, these facts evidence an implicit proposal for a joint trial. *See Aburto,* 2009 WL 2252518, at *3.

The fact that Plaintiffs contended in their Motion to Remand that they intended to try the wrongful death claims separately from the property and business economic loss claims is not dispositive. Under the time-of-removal rule, courts determine removal jurisdiction at the time of removal, and generally, subsequent events cannot destroy it. *Am. Nat. Prop. Cas. Co.*, 746 F.3d at 636. Contentions that plaintiffs intended to try claims separately are subsequent events. *See Aburto,* 2009 WL 2252518, at *3. They amount to nothing more than unilateral statements of position, which do not factor into the Court's jurisdictional analysis. *See id* (citing *Bullard*, 535 F.3d at 761). Therefore, Plaintiffs' petition proposed a joint trial of claims with common questions of fact, satisfying CAFA's mass action commonality requirement.

    2.    <u>Minimal Diversity Exists</u>

CAFA requires only minimal diversity, not complete diversity. *AU Optronics Corp.*, 134 S. Ct. at 740. Minimal diversity exists where any member of a class of plaintiffs "is a foreign state or a citizen or subject of a foreign state and any defendant is a citizen of a State." 28 U.S.C. § 1332 (d)(2)(B). Here, all plaintiffs were Canadian, Doc. 1-1, Ex. C-2 ¶ 4, and some defendants were American, specifically citizens of Colorado and Texas. *Id.* ¶¶ 33–37. This is enough.

    3.    <u>Defendant CP Proved an Aggregated Amount in Controversy Exceeding $5,000,000</u>

Normally the burden of proving amount in controversy is satisfied if the plaintiff claims a sum

greater than the jurisdictional requirement. *White v. FCI USA, Inc.*, 319 F.3d 672, 674 (5th Cir. 2003). But when the plaintiff does not allege a specific amount of damages, the removing defendant may do so in his notice of removal simply if the allegation is plausible. *Dart*, 135 S. Ct. at 551, 554. The removal statute requires evidence of the amount only when the plaintiff contests, or the court questions, the defendant's allegation. *Id.* at 554. The Fifth Circuit has prescribed a procedure for determining the amount in controversy when evidence is needed that is consistent with *Dart*:

> [T]he party invoking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount. The district court must first examine the complaint to determine whether it is "facially apparent" that the claims exceed the jurisdictional amount. If it is not thus apparent, the court may rely on "summary judgment-type" evidence to ascertain the amount in controversy.

*White*, 319 F.3d at 675 (quoting *St. Paul Reinsurance Co. Ltd. v. Greenberg*, 134 F.3d 1250 (5th Cir. 1998)). A jurisdictional amount is facially apparent if a court, using only common sense, would find that plaintiffs' claims, if successful, would collect more than the jurisdictional requirement. *See Allen v. R & H. Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995).

Here, Plaintiffs did not allege a specific amount of damages. Defendant CP has alleged an amount in controversy exceeding $5,000,000. Plaintiffs have not contested this. The Court concludes Defendant CP's allegations are plausible. But out of an abundance of caution, the Court will question Defendant CP's allegations. That being said, it will examine the complaint to determine whether it is facially apparent that the claims exceed the jurisdictional amount.

Plaintiffs alleged eleven (11) wrongful death claims[8] and seventeen (17) property and business

---

[8] Plaintiffs' wrongful death claims seek damages for past and future mental anguish, past and future physical pain, past and future medical expenses, funeral and burial expenses, loss of inheritance and pecuniary loss, and any other costs associated with each decedent's death. Doc. 1-1, Ex. C-2 ¶ 248.

-15-

economic loss claims. *See* Doc. 12, Mot. to Remand 4. Additionally, their petition makes claims for survivorship, personal injury, and punitive damages. Doc. 1-1, Ex. C-2 ¶¶ 250–55, 258–59. Using common sense, the Court can see from the face of the pleadings that successful plaintiffs would more likely than not collect well over $5,000,000.

### 4.   Defendant CP Proved at Least One Plaintiff's Claims Exceeded $75,000

Plaintiffs did not allege claims specific to any individual plaintiff. But as there are eleven (11) wrongful death claims, common sense dictates that it is more likely than not that at least one of these claims exceed $75,000. Thus, Defendant CP established all elements necessary to qualify for removal under CAFA's mass action provision. Therefore, the Court will retain jurisdiction.

### 5.   Conclusion

This result accords with CAFA's primary objective of ensuring "[f]ederal court consideration of interstate cases of national importance." *Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1350 (2013) (quoting § 2(b)(2), 119 Stat. 5.). Plaintiffs' non-suit of their class allegations did take the action outside of the Act's class action provision but not out its mass action provision. "The mass action provision thus functions largely as a backstop to ensure that CAFA's relaxed jurisdictional rules for class actions cannot be evaded by a suit that names a host of plaintiffs rather than using the class device." *AU Optronics Corp.*, 134 S. Ct. at 744.

## IV.

## CONCLUSION

For the reasons discussed above, Plaintiffs' Motion to Remand (Doc. 12) is **DENIED**.

SO ORDERED.

Dated: November 13, 2015.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE